FILED

2013 JUN 27 AM 11:30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO DE LA LUZ,

    Plaintiff,

vs.

CASE NO.:

LFC AGRICULTURAL SERVICES, INC.
D/B/A LIPMAN, a Florida profit corporation,

2:13-cv-481-FtM-38DNF

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIO DE LA LUZ ("Plaintiff" or "De La Luz"), by and through undersigned counsel, hereby sues Defendant, LFC AGRICULTURAL SERVICES, INC. D/B/A LIPMAN ("Defendant" or "LFC"), and alleges:

1. Plaintiff worked as an employee of Defendant for approximately fourteen (14) years, from approximately 1998 through on or about May 7, 2013 and brings this action for unlawful interference and unlawful retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("the FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim arising out of the federal Family and Medical Leave Act, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Defendant is a Florida profit corporation, transacting business in the Middle District of Florida, Fort Myers Division. Defendant has in excess of fifty (50) employees working within seventy-five (75) miles.

5. Plaintiff was and is a resident of the Middle District of Florida, Fort Myers Division. At all times pertinent, Plaintiff worked for Defendant in the Middle District of Florida, Fort Myers Division.

6. Defendant is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

7. Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

8. Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

## GENERAL ALLEGATIONS

9. On or about December 18, 2012, Plaintiff requested time away from work to care for his mother, who was suffering from a serious health condition, to wit, she suffered a broken leg and broken ribs, was not eating, and could not otherwise care for herself. Plaintiff's request implicated Plaintiff's FMLA rights. Plaintiff's request for leave clearly implicated Plaintiff's rights under the FMLA, as Plaintiff was requesting a leave of absence to care for his mother who was suffering from a serious health condition.

10. Upon receipt of Plaintiff's request for FMLA protected leave, Defendant failed to provide Plaintiff an eligibility notice (and paperwork); and failed to provide plaintiff with a rights and responsibilities notice. Defendant further failed to in any manner apprise Plaintiff of his FMLA rights.

11. Initially, Defendant's supervisor denied Plaintiff's request without additional explanation (in violation of the FMLA). In denying Plaintiff's request, Defendant failed to apprise Plaintiff of the reason for the denial, and failed to apprise Plaintiff of his rights under the FMLA.

12. When Plaintiff pressed the issue with the general manager (who was above the supervisor in the chain of command), the general manager informally allowed Plaintiff to take the requested leave. Again, Plaintiff was not apprised of his FMLA rights or provided any FMLA notices or paperwork. Defendant failed to either formally approve or deny Plaintiff's request for FMLA leave.

13. On or about January 18, 2013, Plaintiff returned from his leave. When Plaintiff returned, and as punishment for leaving, Defendant transferred Plaintiff from the maintenance department, where he had been working for years, to work in the field, handling irrigation. Working in irrigation in the fields is a much less desirable position than maintenance, as it is much more physically taxing and requires a lesser skill set. Essentially, Defendant demoted Plaintiff because Plaintiff took leave to care for his mother who suffered from a serious health condition and was unable to care for herself.

14. On or about May 7, 2013, after demoting Plaintiff to working in irrigation in the fields, Defendant terminated Plaintiff's employment without prior warning, and in violation of Defendant's own three (3) strikes policy.

15. Since being terminated, Plaintiff has been unable to find work despite his diligent efforts to find work.

### Count I – Family and Medical Leave Act[1]
### (Interference Regarding Eligibility and Intent to Take Leave)

16. Plaintiff incorporates paragraphs 1 – 15.

17. Plaintiff engaged in statutorily protected activity when he attempted to take FMLA leave from work to care for his mother.

18. Plaintiff was entitled to take FMLA leave.

19. Defendant was obligated to provide Plaintiff with a notice of eligibility and notice of rights and responsibilities, but did not. Defendant was also obligated to approve or deny Plaintiff's request for FMLA leave, but did not.

20. Defendant denied and interfered with Plaintiff's rights under the FMLA by not apprising Plaintiff of his FMLA rights when Defendant knew or should have known that Plaintiff was eligible for and/or required FMLA leave, by not providing Plaintiff with notice of eligibility and/or notice of rights and responsibilities, and by not approving or denying Plaintiff's request for FMLA leave.

21. Plaintiff has suffered financial damages as a result of the interference.

22. Defendant's violation was willful.

### Count II – Family and Medical Leave Act
### (Interference Regarding Reinstatement)

23. Plaintiff incorporates paragraphs 1 – 15.

24. Plaintiff engaged in statutorily protected activity when he took leave from work to care for his mother who suffered from a serious health condition.

---

[1] All four counts are pled in the alternative.

25. Plaintiff was entitled to restoration of his regular and normal employment upon returning to work.

26. Defendant denied and interfered with Plaintiff's rights under the FMLA by not restoring him to the same or similar position, instead transferring and demoting Plaintiff and subsequently terminating Plaintiff's employment.

27. Plaintiff has suffered financial damages as a result of the interference.

28. Defendant's violation was willful.

### Count III – Family and Medical Leave Act
### (Retaliation Regarding Eligibility and Intent to Take Leave)

29. Plaintiff incorporates paragraphs 1 – 15.

30. Plaintiff engaged in statutorily protected activity when he attempted to take leave from work to care for his mother.

31. Plaintiff was retaliated against for attempting to take FMLA leave and was denied restoration as a result of and in retaliation for his desire to take FMLA leave.

32. Plaintiff has suffered financial damages as a result of the retaliation.

33. Defendant's violation was willful.

### Count IV – Family and Medical Leave Act
### (Retaliation Regarding Reinstatement)

34. Plaintiff incorporates paragraphs 1 – 15.

35. Plaintiff engaged in statutorily protected activity when he took leave from work to care for his mother.

36. Plaintiff was retaliated against as a result of taking leave from work to care for his mother who suffered from a serious health condition.

37. Plaintiff suffered an adverse employment action when he was transferred, demoted, and terminated by Defendant.

38. Plaintiff's transfer, demotion, and termination were causally related to his engagement in statutorily protected activity.

39. Plaintiff has suffered financial damages as a result of the retaliation.

40. Defendant's violation was willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff prays that the Court enter judgment in his favor and against Defendant, and award monetary damages for back pay, front pay, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

/s/ B.R.

Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
Counsel for Plaintiff