UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO DE LA LUZ,

    Plaintiff,

v.                                                  CASE NO. 2:13-cv-481-FtM-38DNF

LFC AGRICULTURAL SERVICES,
INC., d/b/a LIPMAN, a Florida Profit
corporation,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, LFC AGRICULTURAL SERVICES, INC. d/b/a LIPMAN, by and through its undersigned counsel, responds to the Complaint and Demand for Jury Trial as follows:

1. Admitted that Plaintiff worked as an employee for Defendant and that this purports to be an action for unlawful interference and unlawful retaliation under the Family and Medical Leave Act ("FMLA"); denied that Defendant is liable.

## JURISDICTION AND VENUE

2. Admitted, for jurisdictional purposes only, that this purports to be an action arising out of the FMLA; denied that Defendant is liable

3. Admitted, for venue purposes only, that the events giving rise to this alleged claim arose in Lee County, and thus, that venue is appropriate in the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Without knowledge and therefore denied.

## **GENERAL ALLEGATIONS**

9. Admitted that Plaintiff left the United States and traveled to Mexico to care for his mother; denied as to remaining allegations.

10. Denied.

11. Denied.

12. Admitted that the general manager allowed Plaintiff to take the requested leave to travel to Mexico; otherwise, denied.

13. Admitted that Plaintiff was transferred to the irrigation department; otherwise, denied as to all remaining allegations.

14. Admitted that Plaintiff's employment was terminated; otherwise, denied.

15. Without knowledge and therefore denied.

## **COUNT I**

16. Defendant reasserts and realleges the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. Denied that Plaintiff attempted to take FMLA leave.

18. Without knowledge and therefore denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II

23. Defendant reasserts and realleges the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

24. Without knowledge and therefore denied as to Plaintiff's mother's health condition; otherwise, denied.

25. Without knowledge and therefore denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT III

29. Defendant reasserts and realleges the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

30. Denied that Plaintiff attempted to take FMLA leave.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV

34. Defendant reasserts and realleges the allegations of paragraphs 1 through 15 of this Complaint as though fully set forth herein.

35. Without knowledge and therefore denied as to Plaintiff's mother's health condition; otherwise, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**ANY AND ALL ALLEGATIONS OF PLAINTIFF'S COMPLAINT NOT HERETOFORE ADMITTED, DENIED OR REFERENCED WITHOUT KNOWLEDGE, ARE HEREBY DENIED IN THEIR ENTIRETY.**

**DEFENSES**

**FIRST DEFENSE**

Plaintiff did not request FMLA leave, nor did Plaintiff provide Defendant with any certification or other documentation regarding his mother's health condition.

**SECOND DEFENSE**

At all times relevant hereto, Defendant acted in good faith and had reasonable grounds to believe its conduct was not in violation of the FMLA.

**THIRD DEFENSE**

All employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory business reasons, and without regard to Plaintiff's FMLA status or leave.

**FOURTH DEFENSE**

Plaintiff's claim is barred to the extent his absence from the workplace was not covered by the FMLA.

**FIFTH DEFENSE**

Plaintiff's request for and/or use of FMLA leave had no bearing on Defendant's decision to terminate Plaintiff, or on Plaintiff's request for leave, which Defendant provided. The same decision would have been made for legitimate business reasons totally unrelated to Plaintiff's FMLA status.

**SIXTH DEFENSE**

Plaintiff's claim for damages is subject to the limitations set forth in the FMLA and any other applicable state or federal laws.

**SEVENTH DEFENSE**

Plaintiff's claim is barred to the extent he failed to properly comply with the notice requirements and/or medical certification requirements of the FMLA.

**EIGHTH DEFENSE**

Defendant routinely approves FMLA leave for its qualifying employees, and has had hundreds if not thousands of employees successfully take and return from FMLA. This includes Plaintiff, who was approved for and took FMLA leave in 2010.

**NINTH DEFENSE**

There is no proximate causation between the Plaintiff's alleged damages and any act, omission, or breach of duty by Defendant.

**TENTH DEFENSE**

Plaintiff's claim for damages is barred to the extent Plaintiff failed to exercise reasonable diligence in the mitigation of his alleged damages.

**ELEVENTH DEFENSE**

To the extent Defendant discovers during the course of this action that Plaintiff engaged in any additional conduct that would have warranted his discharge under company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

WHEREFORE, having fully answered the Complaint, having asserted affirmative and other defenses, the Defendant requests that:

(a) The Complaint be dismissed;

(b) Judgment be entered in favor of Defendant;

(c) All costs be taxed against the Plaintiff;

(d) Defendant recover court costs against Plaintiff as provided by applicable law; and

(e) Defendant be awarded such additional relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of September, 2013 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Bradley P. Rothman, Esq., Weldon & Rothman, P.L., 7935 Airport-Pulling Rd. N., Suite 205, Naples, FL 34109.

HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
Attorneys for Defendant
P.O. Box 280
Fort Myers, Florida 33902-0280
Phone No. (239) 344-1118
Fax No. (239) 344-1590
E-mail: john.potanovic@henlaw.com
E-mail: suzanne.boy@henlaw.com

By: __s/Suzanne M. Boy__
John F. Potanovic
Florida Bar No. 773360
Suzanne M. Boy
Florida Bar No. 0035400